UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JAN 15 1999

CLERK

ROY KROPINAK, M.D.,

Plaintiff,

v.

Civ. No. 98-583 BRB/JHG

ARA HEALTH SERVICES, INC.
d/b/a CORRECTIONAL MEDICAL
SYSTEMS, ANNA DAVIS, KATHY
HARKISS, SHELLY DIETZ and BOB
GEORGE,

Defendants.

## MEMORANDUM AND ORDER

This matter is before the court on the motion of Defendants to dismiss Count I of the amended complaint for failure to state a claim. See Fed. R. Civ. P. 12(b)(6). Also before the Court is Defendant Correctional Medical Services' ("CMS") motion for partial summary judgment on Count II of the complaint. Plaintiff has filed responses in opposition to the motions.

Plaintiff filed his two-count complaint on February 20, 1997, in the Second Judicial District Court, Bernalillo County, New Mexico. On April 7, 1998, Plaintiff filed an amended complaint, alleging First Amendment and state law retaliatory discharge claims in Count I, and a state law claim for breach of employment contract in Count II. Plaintiff served Defendants with the summons

and amended complaint on April 15, 1998. On May 15, 1998, Defendants removed this case to federal district court. See 28 U.S.C. §§ 1441, 1446(b).

## I. Background

Defendant CMS provides medical services to inmates at New Mexico correctional facilities pursuant to a contract with the New Mexico Department of Corrections. Plaintiff was employed by CMS on February 19, 1990, as a physician pursuant to an independent contractor physician agreement ("agreement"). The agreement was terminable at-will, with a provision that either party could terminate the agreement with or without cause with sixty (60) days written notice to the other party.

During his tenure with CMS, Plaintiff provided medical services at the New Mexico State Penitentiary in Santa Fe. He alleges that he observed CMS staff providing sub-standard medical care to inmates. In mid-1993, Plaintiff made numerous reports to CMS and correction officials regarding these deficient medical services. In October 1993, the New Mexico Department of Corrections appointed an independent physician, Dr. Eugene A. Castiglia, to investigate the allegations made by Plaintiff and others. On October 19, 1993, Dr. Castiglia interviewed Plaintiff. On October 20, 1993, Plaintiff received a letter from CMS terminating its agreement with Plaintiff, effective December 19, 1993.

## II. Motion to Dismiss

In ruling on a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the court must construe the complaint in a light most favorable to the plaintiff and accept the allegations asserted in the complaint as true. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The court may not grant a motion to dismiss for failure to state a claim upon which relief may be granted unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-56 (1957). The court may not weigh potential evidence that the parties might present at trial. Instead the court must assess whether Plaintiff's complaint is legally sufficient to state a claim upon which relief may be granted. Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir. 1991).

In Count I of the complaint, Plaintiff alleges that Defendants violated his free speech rights under the United States and New Mexico constitutions because Defendants terminated him after he complained about the deficient medical treatment provided to inmates at the state penitentiary. In addition, he asserts a state law retaliatory discharge claim, alleging that his termination, in retaliation for "whistleblowing," violated public policy. Defendants move to dismiss, arguing that these claims are time-barred.

The parties agree that for purposes of this motion, the applicable statute of

3

limitations is N.M. Stat. Ann. § 37-1-8, the general statute of limitations on personal injury claims. See Industrial Const. v. Bureau of Reclamation, 15 F.3d 963, 968 (10th Circuit 1994) (New Mexico's three-year statute of limitations applies to civil rights actions); Walker v. Maruffi, 737 P.2d 544, (N.M.Ct. App. 1987) (§ 37-1-8 applies to actions brought pursuant to 42 U.S.C. § 1983). Section 37-1-8 provides that "[a]ctions must be brought . . . for an injury to the person or reputation of any person, within three years." In this case, Plaintiff did not file his complaint until February 20, 1997, more than three years after his December 19, 1993 termination.[1] Despite the untimeliness of his complaint, Plaintiff argues that his claims are saved under the discovery rule, or, in the alternative under the rule of fraudulent concealment.

## A. Discovery Rule

New Mexico law provides that a cause of action in tort accrues when the "plaintiff knows or with reasonable diligence should have known of the injury and its cause." Roberts v. Southwest Community Health Serv., 837 P.2d 442, 451(N.M. 1992). Generally, the plaintiff in a tort action "knows immediately of

---

[1] The parties disagree as to the date upon which the statute of limitations began to run. The court need not decide whether the limitations period began when Plaintiff was notified of his termination, on October 20, 1993, or when his employment terminated on December 19, 1993, because regardless, the claim is time-barred.

4

both the wrongful act and the injury and, in fairness to the defendant, the cause of action accrues at [that] time." Id. at 450. Plaintiff asserts, however, that he did not discover his wrongful discharge and retaliation claims against Defendants until late 1996 when Plaintiff first obtained a copy of Dr. Castiglia's report, which contained facts supporting many of Plaintiff's allegations. Thus, Plaintiff argues that his complaint was filed within the three-year statute of limitations period. Defendant argues that the facts alleged in the complaint show that Plaintiff was aware of his claims at the time of his termination. The amended complaint alleges the following:

> In mid-1993, Plaintiff made numerous reports to the appropriate officials including Dareld Kerby, a corrections official; Dr. Anna Davis, the medical diretor at Defendant CMS; Kathy Harkiss, the regional director of Defendant CMS; Shelly Dietz, an administrator of Defendant CMS; and Dr. Bob George, the medical director of Defendant CMS at the state penitentiary . . . .
>
> * * *
>
> During his employment, Plaintiff observed Defendant CMS' staff, physicians and administrators perform many unsafe, unethical, possibly illegal, and sub-standard medical practices . . . In addition, where treating physicians specifically recommended outside consults or surgeries, their recommendations were disapproved by Dr. Davis without conducting any examination of the patient, and then preparing notes rejecting the recommendations which made it appear that examinations had been conducted. Doctors Davis and George also sometimes changed Plaintiff's orders concerning patients without notice, once with near-fatal results. Essential narcotic procedures were not followed by Dr. George.
>
> * * *
>
> Plaintiff reported the deficiencies . . . to Dr. Lambert King, M.D., the

5

expert retained by the special master in the case of <u>Duran v. King, et. al</u>, the federal civil rights action in which a consent decree includes requirements to assure adequate medical care for New Mexico prisoners . . . In 1993, Dr. King issued a two-part report which was critical of CMS in its operation of the medical system in New Mexico prisons, and *relied upon the information from Plaintiff in arriving at his conclusions* (emphasis added).

\* \* \*

In October 1993, the New Mexico Department of Corrections contracted with Dr. Eugene A. Castiglia, M.D., an independent licensed physician, to investigate the allegations made by Plaintiff and others . . . . In the course of preparing this report, Dr. Castiglia interviewed Plaintiff on October 19, 1993, and Plaintiff described many of the deficiencies enumerated in paragraph 15 of this complaint.

The following day, on or about October 20, 1993, Plaintiff received a letter from Defendant CMS, . . terminating its Agreement with Plaintiff, effective December 19, 1993.

These detailed allegations clearly establish that prior to his termination, Plaintiff had made serious allegations against his peers and CMS. He even shared these allegations with an expert in a separate federal civil rights action, who relied in part on the information to condemn Defendants' prisoner care. Furthermore, the day after Plaintiff was interviewed during an investigation of Defendant CMS, conducted by the New Mexico Department of Corrections, CMS notified Plaintiff that his contract was being terminated. Although Plaintiff's termination letter did not contain a specific reason for his discharge, Plaintiff, as the allegations outlined above demonstrate, had sufficient information to put him on notice that Defendant may have wrongfully terminated his contract in

retaliation for his frequent complaints about patient care. Before the limitations period ran, Plaintiff knew of "sufficient facts to constitute a cause of action." Martinez-Sandoval v. Kirsch, 884 P.2d 507, 513 (N.M. Ct. App. 1994). Accordingly, the discovery rule does not save Plaintiff's wrongful discharge and retaliation claims.

## B. Fraudulent Concealment

Similarly, Plaintiff's fraudulent concealment argument fails to save his claims. Plaintiff argues that Defendant CMS "acted fraudulently" when it failed to provide the reason for Plaintiff's termination, and that Plaintiff could not have obtained the "objective facts concerning his discharge from CMS" without Dr. Castiglia's report.

In order to establish fraudulent concealment, Plaintiff must show that: (1) Defendant used fraudulent means to conceal the cause of action; (2) successful concealment from Plaintiff; and (3) Plaintiff did not know or by the exercise of reasonable diligence could not have known that he might have a cause of action. Continental Potash v. Freeport-McMoran, 858 P.2d 66, 75 (N.M. 1993). Assuming arguendo, that Plaintiff could establish the first two elements of fraudulent concealment, Plaintiff cannot prove the third element. At the time of his notice of termination, Plaintiff knew or should have known that he "might have a cause of action" for wrongful discharge and retaliation. As outlined

7

above, the allegations in Plaintiff's complaint clearly establish that on October 20, 1993, Plaintiff was aware of material facts upon which to base his claims. Therefore, fraudulent concealment did not toll the statute of limitations.

### III. Partial Summary Judgment

Defendant CMS, in a separate motion, moves for partial summary judgment on Plaintiff's Count II claim for breach of employment contract. According to 28 U.S.C. § 1367(c)(3), a court may decline to exercise supplemental jurisdiction over state law claims if the court has dismissed all claims over which it has original jurisdiction. See United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); Roe v. Cheyenne Mountain Conference Resort, Inc., 124 F.3d 1221, 1237 (10th Cir. 1997). Because the court will dismiss Plaintiff's federal claim against Defendants, the court, in its discretion, declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claim and will dismiss Count II without prejudice.

Accordingly,

IT IS HEREBY ORDERED that the Defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss Count I of Plaintiff's First Amended Complaint [Doc. # 7] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's claims in Count I of the First Amended Complaint are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's state law claim in Count II of the First Amended Complaint is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that the Fed. R. Civ. P. 56 motion of Defendant CMS for partial summary judgment [Doc. # 3] is DENIED AS MOOT.

Judgment will be entered accordingly,

So ordered this 15th day of January 1999.

                                         UNITED STATES CIRCUIT JUDGE
                                         sitting by designation

Attorneys of Record:

Ray R. Twohig, Jr., Albuquerque, New Mexico, for Plaintiff.

Deborah D. Wells and Nancy J. Franchini, Albuquerque, New Mexico, for Defendants.